NORTH DEARBORN HEIGHTS FEDERATION OF TEACHERS v.
SCHOOL DISTRICT OF NORTH DEARBORN HEIGHTS.

LABOR RELATIONS—LABOR MEDIATION BOARD—REVIEW OF TRIAL
EXAMINER'S FINDINGS—RECORD.

> The labor mediation board is required by the public employment relations act to reduce to writing testimony given before it, its members, or agents, and the administrative procedures act additionally requires a majority of the board to personally consider the whole record or portions thereof as may be cited by the parties; therefore, where the labor mediation board, operating as an appellate body reviewing a quasi-judicial proceeding before a trial examiner, adopts the finding of the examiner without an examination of a transcript of testimony before the examiner and without hearing arguments or permitting filing of briefs, the decision of the board must be vacated and the cause remanded for board reconsideration in accordance with its statutory duties and obligations (CL 1948, § 423.201 et seq., as amended by PA 1965, Nos 379 and 397; CLS 1961, § 24.106).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and Levin, JJ., denying leave to appeal from Labor Mediation Board. Submitted April 10, 1969. (Calendar No. 10, Docket No. 51,973.) Decided June 2, 1969.

North Dearborn Heights Federation of Teachers filed with the Labor Mediation Board an unfair labor practice charge against the School District of North

---

REFERENCES FOR POINTS IN HEADNOTE

31 Am Jur, Labor § 368; 2 Am Jur 2d, Administrative Law §§ 443–446.

Dearborn Heights for violation of the public employment relations act. Decision and order for defendant. Plaintiff's application for leave to appeal was denied by the Court of Appeals. Leave to appeal granted by the Supreme Court. Reversed and remanded to Labor Mediation Board for reconsideration.

*Craig & Fieger*, for plaintiff.

T. M. KAVANAGH, J. North Dearborn Heights federation of teachers filed a charge of unfair labor practices against the school district of North Dearborn Heights alleging that it had violated the public employment relations act.[1] Defendant answered and a hearing was held, at which testimony was introduced by both parties and the matter submitted to a trial examiner.

The trial examiner issued his decision and recommended order on August 23, 1967. Pursuant to the act, on August 30, 1967, exceptions to the order were filed and plaintiff requested the right to file briefs and have oral arguments before the labor mediation board.

On October 17, 1967, the labor mediation board, without granting the opportunity to the parties to file a brief or have oral arguments, issued a "decision and order," signed by two of its three members, in which it adopted the findings, conclusions, and recommendations of the trial examiner.

It is argued that no transcript of the proceedings had been prepared by the court reporter and that the board had no direct knowledge of the testimony before the trial examiner other than the trial examiner's statements in his decision as to the testimony.

[1] PA 1947, No 336, as amended by PA 1965, Nos 379 and 397 (CL 1948, § 423.201 *et seq.* [Stat Ann 1968 Rev § 17.455(1) *et seq.*]).

Plaintiff appealed to the Court of Appeals, which denied leave. Plaintiff sought leave to appeal to this Court, which was granted. 380 Mich 769.

The only question raised is: Can an administrative tribunal, operating as an appellate body reviewing a quasi-judicial proceeding, make a decision relative to specific findings of fact without an examination of a transcript of the testimony before the original hearings officer and without hearing arguments or permitting the filing of briefs?

Subdivision (b) of section 16[2] of the public employment relations act provides in part:

"(b) *The testimony taken by the member, agent or the board shall be reduced to writing and filed with the board.* Thereafter the board upon notice may take further testimony or hear argument." (Emphasis added.)

This requirement is obviously for the reason that such a provision is to cover the situation set forth later in the paragraph where the entire board does not hear the matter itself, but permits a hearing examiner to conduct the hearing, and then acts as a reviewing body of the examiner's report and recommended order. This position is buttressed by the fact that the board is also authorized to take further testimony where necessary.

The labor mediation board is subject to the provisions of the administrative procedures act. Section 6 of the act[3] provides as follows:

"Whenever in a contested case the officials of the agency who are by law to render the final decision have not heard or read the evidence, the decision, if adverse to a party to the proceeding other than

---

[2] MCLA § 423.216 (Stat Ann 1968 Rev § 17.455[16]).
[3] PA 1952, No 197, § 6 (CLS 1961, § 24.106 [Stat Ann 1961 Rev § 3.560(21.6)]).

the agency itself shall not be made until a proposal for decision, including findings of fact and conclusions of law, has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of the officials who are to render the decision, *who shall personally consider the whole record or such portions thereof as may be cited by the parties.*" (Emphasis added.)

Obviously the last portion of the quoted section places the duty upon a majority of the officials who are to render the decision to personally consider the whole record or such portions thereof as may be cited by the parties. This the labor mediation board failed to do.

The decision and order of the labor mediation board is vacated and the cause remanded for reconsideration by the board in accordance with its duties and obligations under the administrative procedures act and other applicable statutes.

Plaintiff shall have costs.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, ADAMS, and T. G. KAVANAGH, JJ., concurred.