WAYNE COUNTY SHERIFF'S DEPARTMENT *v.*
MICHIGAN LABOR MEDIATION BOARD

1. LABOR RELATIONS—LABOR MEDIATION BOARD—DECISION WITHOUT
   TRANSCRIPT—DUE PROCESS.

   Labor union was denied due process of law by a decision of
   the Labor Mediation Board overruling union objections to
   the electioneering practices of a rival union in a collective
   bargaining election where that board did not hear the testi-
   mony given before the trial examiner on those objections,
   did not review a transcript of that testimony before making
   its decision, and did not have a transcript available for
   its examination until after its decision was released since
   a requisite of due process requires that the determiner of a
   case must consider the testimony before rendering a decision.

2. LABOR RELATIONS—LABOR MEDIATION BOARD—ADMINISTRATIVE
   LAW—ADMINISTRATIVE PROCEDURES ACT.

   Assertion by a labor union, in its motion for reconsideration
   of an adverse decision, that a denial of due process resulted
   from the labor mediation board's rendition of that decision
   without having heard the evidence or having seen a transcript
   thereof was the equivalent of a request, as required by the
   administrative procedures act, to the board that it have a
   transcript available for its consideration so as to afford the
   parties due process (CLS 1961, § 24.104).

3. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—HEAR-
   INGS—DELEGATION OF AUTHORITY—JUDICIAL REVIEW.

   Courts will subject decisions of administrative tribunal officers
   to examination to determine the extent of their reading and
   consideration of the record where a statute expressly permits
   that administrative authority to delegate the taking of evi-
   dence to a member of its agency staff unless the evidence

---

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 1 Am Jur 2d, Administrative Law § 148 *et seq.*

that administrative authority to delegate the taking of evidence to a member of its agency staff, since a fair hearing before an administrative agency requires that the deciding agency have available for its examination a transcript of the proceedings conducted by one of its staff (CLS 1961, § 24.105).

4. ADMINISTRATIVE LAW—HEARINGS—KEEPING OF RECORD—DUE PROCESS.

The keeping of a record of testimony given before a hearing examiner of an administrative agency is not alone sufficient to afford a party due process of law if the complete record is not available to, nor given consideration by, the administrative agency before its final determination.

Appeal from Labor Mediation Board. Submitted Division 1 December 4, 1969, at Detroit. (Docket No. 6,456.) Decided April 24, 1970.

Council 23, American Federation of State, County, and Municipal Employees, AFL–CIO, objected on the ground of irregularities in an election, to certification of Service Employees' International Union, Local 502–M, as the collective bargaining representative of employees of the Wayne County Sheriff's Department. The Michigan Labor Mediation Board overruled the objections and ordered the certification. Objector appeals by leave granted. Reversed and remanded.

*Haggerty and Franklin,* for Service Employees' International Union, Local 502–M.

*Zwerdling, Miller, Klimist & Maurer,* for Council 23, American Federation of State, County and Municipal Employees.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Ed-*

*wards,* Assistant Attorney General, for Michigan Labor Mediation Board.

Before: R. B. BURNS, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

HOLBROOK, J.  In this case intervenor Council No. 23, American Federation of State, County and Municipal Employees, AFL–CIO, hereinafter referred to as AFSCME, seeks to set aside the results of a runoff election held to determine whether the employees of the Wayne County sheriff's department desired petitioner, Service Employees' International Union, Local 502–M, hereinafter referred to as SEIU, or the AFSCME as their collective bargaining representative.  AFSCME appeals, pursuant to leave granted by this Court, from defendant Michigan Labor Mediation Board's decision and order of September 17, 1968 overruling AFSCME's objections to the conduct of the election and its denial on October 14, 1968 of AFSCME's motion for reconsideration.

On April 10, 1968, the Michigan Labor Mediation Board issued a direction of election in a bargaining unit composed of patrolmen, police women, police matrons, detectives, and police dispatchers within the sheriff's department.  Three unions, including SEIU and AFSCME were on the ballot and the election resulted in no union receiving a majority of the votes cast.  Pursuant to the board's general rules and regulations, a runoff election was conducted on June 19 and 20, 1968, between the SEIU and AFSCME, the two unions receiving the largest number of valid votes in the first election.  In the runoff election a total of 293 ballots were cast, with the SEIU receiving 148 votes and the AFSCME receiv-

ing 131 votes. SEIU challenged 14 voters at the election.

On June 27, 1968, intervenor filed timely objections to the conduct of the election affecting the election results. The objections related to alleged improper casting and counting of four absentee ballots; alleged material misrepresentations in newsletters of June 11 and 15, 1968 from SEIU to the bargaining unit employees of the sheriff's department; and alleged electioneering near the polling area while the voting was in progress. An answer to the objections was filed by SEIU on July 10, 1968, denying that the objections possessed merit. Defendant Michigan Labor Mediation Board ordered a hearing on July 16, 1968 for the purpose of receiving evidence relative to the objections, which was held on August 8, 1968, before a trial examiner of the Labor Mediation Board. On September 17, 1968, the board, claiming to have considered the entire record including the testimony taken before the trial examiner, exhibits and post-hearing briefs, issued its decision and order on the objections to the election and ordered that certification issue to the SEIU as bargaining representative of the employees in the unit.

The issue to be determined is restated as follows: *Did the Michigan Labor Mediation Board, in issuing its decision and order based mainly upon a hearing held by its trial examiner concerning objections to an election under the public employment relations act,[1] deny AFSCME due process of law by its failure to have available and examine a transcript of the testimony taken at the hearing?*

AFSCME contends that while the Labor Mediation Board did "[a]fter the close of the hearings * * * issue its decision with regard to the chal-

---

[1] PA 1947, No 336, as amended by PA 1965, Nos 379 and 397 (MCLA § 423.201 *et seq.* [Stat Ann 1968 Rev § 17.455(1) *et seq.*]).— Reporter.

lenges and/or objections" pursuant to Rule 49(2) of the board's general rules and regulations, the board did not hear the testimony given at the hearing, did not review a transcript of that testimony, nor did it have a transcript available for its examination. AFSCME therefore claims that it was denied due process of law since it is a requisite of due process that the determiner or board deciding the case must consider the testimony.

SEIU and defendant Michigan Labor Mediation Board concede that no transcript of proceedings had before the board's trial examiner was transcribed and available to the board until after it released its decision. However, SEIU and the board argue that the decision and order were based upon a full consideration and appraisal of the evidence, brought before the board through exhibits, intervenor's objections and briefs filed in connection therewith, and through its motion for reconsideration and arguments in support thereof, and that AFSCME's right of due process was thereby safeguarded and preserved.

The Michigan Labor Mediation Board is subject to the provisions of the administrative procedures act.[2] Section 4 of the act provides in part:

"In any contested case all parties shall be afforded an opportunity for hearing after reasonable notice, in conformity with all applicable statutory requirements."

Section 5(5) states:

"Any hearing that is required to be conducted under the provisions of this act may be referred by said agency to a member of the staff of said agency

[2] PA 1952, No 197 (CLS 1961, § 24.101 *et seq.* [Stat Ann 1969 Rev § 3.560 (21.1) *et seq.*]). See *North Dearborn Heights Federation Of Teachers* v. *School District Of North Dearborn Heights* (1969), 382 Mich 105, 107.

who shall hear the evidence, prepare a record and file a report with all parties involved."

Section 6 of the act provides as follows:

"Whenever in a contested case the officials of the agency who are by law to render the final decision have not heard or read the evidence, the decision, if adverse to a party to the proceeding other than the agency itself *shall not be made until a proposal for decision, including findings of facts and conclusions of law, has been served upon the parties, and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to a majority of the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties.*" (Emphasis supplied.)

The board in this instance after hearing arguments on the positions of the respective parties, reading their briefs and examining the exhibits introduced before the trial examiner, made an order containing findings of facts and conclusions of law. Thereafter, AFSCME made a motion for reconsideration, specifically referring to the lack of a transcript at the time of the board's decision. The motion stated in part:

"4. The hearing on the objections to the election was conducted by a trial examiner of the board. The decision on the objections was rendered by the board itself. Intervenor is informed and believes that no transcript of the testimony was reduced to writing and reviewed by the board. The parties hereto have been deprived of due process since the body which entered the decision on the objections did not see or hear the evidence."

Post-hearing briefs were filed by the parties and the board heard their arguments and denied AFSCME's motion for reconsideration on October

14, 1968. At this hearing the transcript of the proceedings held before the trial examiner was also absent, the same having been first transcribed and available and received by the board and council on November 13, 1968.

SEIU asserts that while AFSCME alleged in its motion for a reconsideration that there might not have been a transcript at the time the board made its decision, it should have requested a transcript, pursuant to Section 4 of the administrative procedures act, CLS 1961, § 24.104 (Stat Ann 1969 Rev § 3.560 [21.4]), which provides in part:

"The agency shall prepare an official record, which shall include testimony and exhibits, in each contested case, but it shall not be necessary to transcribe mechanically recorded testimony or shorthand notes unless requested for purposes of rehearing or court review."

The assertion by AFSCME, in its motion for reconsideration, that a denial of due process resulted from the board's rendering of a decision and order without having heard the evidence or seen a transcript of the evidence is the equivalent of a request to the board that it have a transcript available for its consideration so as to afford the parties due process. SEIU's claim that AFSCME did not properly request a transcript at the time of its motion for reconsideration is without merit.

SEIU cites *United States* v. *Morgan* (1941), 313 US 409 (61 S Ct 999; 85 L Ed 1429) and 2 Davis, Administrative Law Treatise, §§ 11.01, 11.03, pp 36, 44 for the proposition that the courts will not subject the deciding officers of an administrative tribunal to examination to determine the extent of their reading and consideration of the record. The above-cited sources are not applicable to the case under consideration.

In 18 ALR2d 606, 616, 617 it is stated:

"Where a statute, either expressly or as construed by the court, permits an administrative authority to delegate the taking of evidence to less than the whole number or a single member, or to an examiner, hearer, or investigator employed for this purpose, a hearing before such delegate is not a denial of due process or unfair, provided the evidence taken before him has been considered by the deciding agency in making its ultimate decision."

Our Supreme Court, in *Napuche* v. *Liquor Control Commission* (1953), 336 Mich 398, discussed the requisites of a fair hearing before an administrative agency and the necessity for the deciding agency to have available for its examination a transcript of the proceedings conducted by a hearing examiner. The Court stated at pp 404, 406:

"It is contended, however, by *Napuche* that the transcript of the testimony taken before the hearing examiner was not available for examination by the commissioners before their final decision.

\* \* \*

"We are of the opinion that the 2 hearings were fairly conducted, that the commission had before it a transcript of the testimony taken before the hearing examiner when their final determination was made, and that the decision of the commission was based upon a full consideration and appraisal of all the evidence."

SEIU claims that the commission's access to a transcript in *Napuche, supra,* was identical to the defendant board's access to a transcript in the case at hand and that, therefore, *Napuche* does not support the position taken by AFSCME. The Court's opinion in *Napuche* shows SEIU's contention to be erroneous, for not only did the Court determine that

a transcript was available to the deciding commission but, additionally, it determined that the commission properly examined the transcript prior to rendering its decision.

SEIU also argues that *Dation* v. *Ford Motor Co.* (1946), 314 Mich 152, cited by AFSCME, is inapposite and not applicable to the case under consideration because, in essence, the violations of due process were more flagrant in that case than in the instant case. It is SEIU's claim that in the case at hand, unlike in *Dation,* notice of hearing was given and the right to a fair hearing was protected and a record of the hearing was kept. The keeping of a record, however, is not alone sufficient to afford a party due process of law if the complete record is not available to, nor given consideration by, the administrative agency prior to its final determination. In this regard the Supreme Court in *Dation, supra,* quoted with approval from *State, ex rel. Madison Airport Company* v. *Wrabetz* (1939), 231 Wis 147 [285 NW 504] which, as the court stated at p 165:

"[I]nvolved a question as to the legality of the procedure of the State industrial commission of Wisconsin under the workmen's compensation law of that State. It was claimed that the commission had failed to read a transcript of certain evidence taken before an examiner. In discussing such claim the court said in part:

'Such unlawful action on the part of the commission would be not only without or in excess of its powers and operate in effect as a fraud upon the relator, but would also constitute a denial of due process of law, in violation of the constitutional safeguards in that regard. As has been said in a number of cases, the cardinal and ultimate test of the presence or absence of due process of law in any administrative proceeding is the presence or absence of the "rudiments of fair play long known to our law." ' "

We conclude upon the basis of the foregoing authority that defendant Michigan Labor Mediation Board had a duty to consider the entire record, including the transcript of the proceedings conducted by the trial examiner, and that the board failed in the performance of this duty, thereby denying to AFSCME due process of law.

The decision and order of the Michigan Labor Mediation Board is vacated and the cause remanded for reconsideration by the board in accordance with its duties and obligations under the administrative procedures act, as interpreted by this opinion.

AFSCME shall have costs.

All concurred.