HICKS v DEPARTMENT OF COMMERCE

Docket No. 187251. Submitted December 4, 1996, at Grand Rapids. Decided December 17, 1996, at 9:05 A.M. Leave to appeal sought.

Thomas G. Hicks petitioned the Barry Circuit Court for judicial review of a final order of the Department of Commerce, Board of Medicine, suspending his license to practice medicine. The board had adopted the findings of fact and conclusions of law of a hearing referee and had for its review the record generated at the hearing, except for a recording or transcript of the testimony of the petitioner and another witness. The court, Richard H. Shaw, J., peremptorily reversed the respondent's order. The respondent appealed by leave granted.

The Court of Appeals *held*:

1. The respondent erred in issuing its final order without having reviewed the oral evidence presented at the administrative hearing. Where an administrative authority is permitted to delegate the taking of evidence to less than the whole number or a single member, or to an examiner, hearer, or investigator, as the respondent is authorized by 1980 AACS, R 338.980 (promulgated pursuant to § 16141[3] of the Public Health Code, MCL 333.16141[3]; MSA 14.15[16141][3]), a hearing before such delegate is not a denial of due process or unfair, provided that the evidence taken before the delegate has been considered by the agency in making its ultimate decision.

2. The circuit court erred in peremptorily reversing the respondent's final order. When a circuit court attempts to review an administrative decision and is incapable of doing so because it finds an insufficient factual record, the proper course of action is to order the production of the whole record or, if the absent portion of the record is not available, to instruct the agency to further develop the administrative record. This case must be remanded to the circuit court so that the circuit court can remand the case to the respondent for reconsideration of its final order in light of the entire administrative record.

3. The deliberations of the respondent in reaching its decision need not have been recorded, nor must they be recorded on remand. A proceeding before an administrative decisionmaker has

the quality resembling that of a judicial proceeding. Just as a judge is not subject to a recording requirement when deliberating, so is the respondent not subject to a similar requirement.

Reversed and remanded.

ADMINISTRATIVE LAW — BOARD OF MEDICINE — DISCIPLINARY ACTIONS — HEARING REFEREES — PROPOSALS FOR DECISION — JUDICIAL REVIEW.

The Board of Medicine, before affirming, reversing, or modifying a hearing referee's proposal for decision regarding disciplinary action against a physician, must consider the entire record generated at the hearing; where the board fails to consider the entire record of a hearing and judicial review of the board's decision is sought, the reviewing court may not peremptorily reverse the board's decision, but must remand the matter for reconsideration by the board in light of the missing portion of the hearing record (MCL 24.285, 333.1205; MSA 3.560[185], 14.15[1205]; 1980 AACS, R 338.980[4]).

*Farhat, Story & Kraus, P.C.* (by *Thomas L. Sparks*), for the petitioner.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Phillip I. Frame*, Assistant Attorney General, for the respondent.

Before: SAWYER, P.J., and MARKMAN and H. A. KOSELKA,* JJ.

MARKMAN, J. Respondent Michigan Department of Commerce, Board of Medicine, issued an administrative complaint against petitioner Thomas G. Hicks, M.D., seeking the suspension of his license to practice medicine. Following an administrative hearing, respondent voted to adopt the findings of fact and conclusions of law in the hearing officer's proposal for decision and subsequently issued a final order suspending petitioner's medical license for a period of six months and one day and fining him $5,000. Petitioner sought judicial review of respondent's final

---

* Circuit judge, sitting on the Court of Appeals by assignment.

order in the circuit court, arguing that respondent denied him due process of law and violated the statutory mandates of the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* The circuit court agreed and peremptorily reversed respondent's decision. Respondent appeals by leave of this Court. We reverse and remand.

On November 11, 1993, respondent issued a complaint charging petitioner with violating certain sections of the Public Health Code, MCL 333.1101 *et seq.*; MSA 14.15(1101) *et seq.* Specifically, the complaint charged petitioner with prescribing Hycodan, a cough medication and a schedule 3 controlled substance, to his patients and requesting that, once his patients obtained the medication, they return it to him so that he could supplement it with other medications that he stocked in his office. The complaint alleged, however, that petitioner, upon receiving the returned medication from his patients, diverted it to his own use while replacing the cough medication with an over-the-counter cough syrup.

On July 13, 1994, an administrative hearing was held on the allegations made in the administrative complaint. At the hearing, the parties introduced documents, exhibits, and the testimony of two witnesses, one of whom was petitioner.

On September 28, 1994, the hearing officer issued a proposal for decision, pursuant to MCL 24.281; MSA 3.560(181), which included proposed findings of fact and conclusions of law. After petitioner filed exceptions to certain errors in the original proposal for decision, the hearing officer issued an amended proposal for decision. Neither party filed exceptions to the amended proposal for decision.

On November 15, 1994, the Office of Legal Services filed with respondent a certificate of legal record with the entire admitted record of the administrative proceedings. The record, however, was devoid of any recording of the oral testimony offered at the administrative hearing.

On December 21, 1994, respondent, at a regularly scheduled meeting, voted to adopt the hearing officer's findings of fact and conclusions of law in the amended proposal for decision and suspended and fined petitioner as described herein. In response, petitioner, on February 24, 1995, filed a petition for review with the circuit court pursuant to MCL 24.301; MSA 3.560(201). The circuit court ordered a stay of respondent's order of suspension and stipulated that the stay would expire upon the entry of respondent's final order in response to petitioner's request for rehearing and reconsideration by respondent. Thereafter, on March 2, 1995, petitioner filed a request for rehearing and reconsideration, which respondent denied on April 19, 1995.

On May 15, 1995, petitioner moved in the circuit court for preemptory reversal of respondent's final order. Following the hearing, the circuit court reversed the order, finding that respondent inappropriately issued its final order without consideration of the whole administrative record and that the record before the court was insufficient to afford meaningful judicial review. It is from this decision that respondent appeals.

This Court reviews an administrative decision according to the same limited standard as does the circuit court. *Blue Water Isles Co v Dep't of Natural Resources*, 171 Mich App 526, 531; 431 NW2d 53

(1988). In the present case, pursuant to MCR 7.105(J)(4), the circuit court found manifest error in the procedures used by respondent to suspend and fine petitioner. This Court must also review the respondent's final order for error so manifest as to warrant peremptory reversal of its decision. *Id.*

Petitioner argues that respondent erred in issuing its final order without having considered the oral evidence presented at the administrative hearing. We agree. Pursuant to § 1205 of the Public Health Code, MCL 333.1205; MSA 14.15(1205), respondent was required to give petitioner a contested case hearing conducted pursuant to the APA and any authorized rules governing such hearings. In this regard, 1980 AACS, R 338.980, promulgated pursuant to MCL 333.16141(3); MSA 14.15(16141)(3), provided that respondent could use one of four mechanisms to adjudicate petitioner's case. In this particular case, respondent used the proposal for decision mechanism authorized under 1980 AACS, R 338.980(4). This subsection provides, in pertinent part, as follows:

> [A] board or task force may authorize an administrative law examiner to issue a proposal for decision pursuant to section 81 of Act No. 306 of the Public Acts of 1969, as amended, being § 24.281 of the Michigan Compiled Laws. . . . After considering the proposal for decision, the exceptions, and arguments presented pursuant to the subrule, the board or task force shall affirm, reverse, or modify the proposal for decision or shall remand the case for further proceedings as deemed appropriate. If the board or task force reverses or modifies the proposal for decision, the reasons for that action shall be stated. In making its decision, the board or task force may review all or part of the record as deemed necessary.

Upon receipt of the proposal for decision, which must comport with the requirements of MCL 24.281; MSA 3.560(181), respondent must issue its final order or decision in compliance with MCL 24.285; MSA 3.560(185), which states, in pertinent part, as follows:

> A decision or order shall not be made except upon consideration of the record as a whole or a portion of the record as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material, and substantial evidence.

Respondent contends that this provision from MCL 24.285; MSA 3.560(185) supports its proposition that it need not have relied on the entire record when making its final order. Respondent claims that it properly issued the final order in sole reliance upon the hearing officer's proposal for decision, the objections thereto, briefs, and documentary evidence. Respondent argues that the APA does not require that a record of the live testimony presented at the hearing be made part of the official administrative record. We disagree.

Although MCL 24.285; MSA 3.560(185) specifies the appropriate form and substance of an agency order or decision based upon a proposal for decision, it does not, as contended by respondent, relieve respondent from its obligation to include in the official record all the evidence presented at the administrative proceeding, including some record of the oral testimony.

Respondent argues, however, that a record of the live testimony could have been offered by petitioner if he desired respondent to consider the oral evidence when making its decision. For this proposition, respondent relies on MCL 24.286; MSA 3.560(186),

which defines the official record of an administrative hearing and provides, in pertinent part, as follows:

> (1) An agency shall prepare an official record of a hearing which shall include:
>
> \*      \*      \*
>
> (c) Evidence presented.
>
> \*      \*      \*
>
> (2) Oral proceedings at which evidence is presented shall be recorded, but need not be transcribed unless requested by a party who shall pay for the transcription of the portion requested except as otherwise provided by law.

Specifically, respondent contends that MCL 24.286(2); MSA 3.560(186)(2) supports its contention that the live testimony presented at the hearing need not have been transcribed and included in the official administrative record unless requested and paid for by petitioner. We believe that respondent's interpretation of the rules and statutes governing this case is erroneous.

The burden of preparing and transmitting the official record of an administrative proceeding to the circuit court for purposes of judicial review falls upon the agency. MCL 24.286(1); MSA 3.560(186)(1), MCL 24.304(2); MSA 3.560(204)(2). Moreover, this Court, in *Tomlin v Dep't of Social Services*, 154 Mich App 675, 680-681; 398 NW2d 490 (1986), interpreted MCL 24.286(2); MSA 3.560(186)(2) to require that the official record of an administrative proceeding must include some recording of the oral evidence presented during the proceeding. This Court stated:

> The definition of "official record" in the above statute [MCL 24.286; MSA 3.560(186)] makes it clear that a record of administrative proceedings is complete for purposes of MCL 24.304(2); MSA 3.560(204)(2) if it contains the tape recordings of the oral evidence. There is no requirement that the agency submit the oral evidence in transcribed form other than upon request "by a party who shall pay for the transcription." [*Id.*]

Moreover, in *Wayne Co Sheriff's Dep't v Michigan Labor Mediation Bd*, 23 Mich App 309, 316; 178 NW2d 512 (1970), this Court quoted with approval 18 ALR2d 606, 616-617, which reads, in pertinent part, as follows:

> "Where a statute, either expressly or as construed by the court, permits an administrative authority to delegate the taking of evidence to less than the whole number or a single member, or to an examiner, hearer, or investigator employed for this purpose, a hearing before such delegate is not a denial of due process or unfair, provided the evidence taken before him has been considered by the deciding agency in making its ultimate decision."

Respondent attempts to distinguish this Court's decision in *Wayne* by noting that *Wayne* apparently did not involve the use of the proposal for decision procedure as does the case at bar. Although the procedural underpinnings of *Wayne* and the present case may be dissimilar, the principle espoused in *Wayne* nevertheless is applicable to the case at bar. We believe that, whether an agency decisionmaker chooses to adjudicate a particular case by using the proposal for decision procedure or any other mechanism that involves the delegation of the taking of evidence, the agency's ultimate decision cannot be made

without consideration of *all* the evidence, including evidence introduced before the factfinder.

In the case at bar, it is undisputed that neither a transcript nor a tape recording of the administrative proceeding was presented to respondent when it decided petitioner's case. Accordingly, we believe that respondent erred under MCL 24.285; MSA 3.560(185) in issuing its final order without having reviewed the oral evidence presented at the administrative hearing.

Respondent next argues that the circuit court erred in peremptorily reversing respondent's final order. We agree. As already stated, we believe that respondent erred in issuing its final order without having reviewed the oral evidence presented at the administrative hearing. We believe, however, that peremptory reversal of respondent's decision was unwarranted.

MCR 7.105(J)(4) provides as follows:

> The petitioner may file a motion for peremptory reversal on the ground that the error requiring reversal is so manifest that an immediate reversal of the judgment or order appealed from should be granted without formal argument or submission.

"Peremptory reversal should be reserved for those cases in which the law is settled and no factual assessment is required." *People v Kelly*, 433 Mich 882, 885; 446 NW2d 821 (1989) (Levin, J., separate opinion). In the case at bar, however, the very reason for the circuit court's reversal of respondent's final order was the lack of a sufficient factual record on which to afford meaningful judicial review and respondent's failure to render its decision upon consideration of the entire administrative record. Such procedural

irregularities are not sufficient grounds for peremptory reversal.

In *Justewicz v Hamtramck Civil Service Comm*, 65 Mich App 555, 560; 237 NW2d 555 (1975), this Court held that a circuit court errs when it "rule[s] with an insufficient factual record before [it]." *Justewicz* involved a local civil service commission's refusal to allow an applicant to sit for an oral examination for a position as a probationary fireman because the applicant had previously failed a medical examination. *Id.* at 557. On appeal, the circuit court ordered the commission to produce for judicial review the transcripts of all administrative proceedings. *Id.* at 558. The commission, however, failed to produce any transcripts. Notwithstanding the lack of transcripts, the circuit court ruled against the applicant on the merits. *Id.* at 559. On appeal in *Justewicz*, this Court reversed and remanded with instructions that the circuit court again order the commission to provide the transcripts of the administrative hearings. *Id.* at 561. This Court stated that the applicant had a constitutional right to "meaningful" judicial review of the adverse administrative decision and that the "plaintiff was denied such when the trial judge ruled with an insufficient factual record before him." *Id.* at 559-560.

We agree with *Justewicz* that when a circuit court attempts to review an administrative decision and is incapable of doing so because it finds an insufficient factual record, the proper course of action is to order the production of the whole record or, if the absent portion of the record is not available, to instruct the agency to further develop the administrative record. *Id.* at 561.

In the case at bar, upon finding the administrative record insufficient for judicial review, the circuit court erred in peremptorily reversing respondent's final order. Further, because we believe that respondent itself erred in deciding petitioner's case without reviewing all the evidence, the proper course of action is for the circuit court to remand the case to respondent for reconsideration in light of the entire administrative record, which must include some record of the oral evidence presented at the administrative hearing. Petitioner is of course entitled to have the full oral hearing before the administrative officer transcribed at his own expense, MCL 24.286(2); MSA 3.560(186)(2); however, unless petitioner undertakes to do this, respondent may consider any reasonable record of the oral evidence that accurately reflects the substance of the administrative hearing.

Finally, contrary to petitioner's assertions, the deliberations of respondent in reaching its decision need not have been recorded, nor must they be recorded on remand. The United States Supreme Court stated in *United States v Morgan*, 313 US 409, 422; 61 S Ct 999; 85 L Ed 1429 (1941), that a proceeding before an administrative decisionmaker "has a quality resembling that of a judicial proceeding." *Id.* Therefore, "just as a judge cannot be subjected to such scrutiny . . . so the integrity of the administrative process must be equally respected." *Id.*

Accordingly, we vacate the circuit court's order granting peremptory reversal of respondent's final order and remand this case to the circuit court with instructions that it order respondent to reconsider its final order in light of the entire administrative record,

which must include some record of the oral evidence tendered to the administrative hearing officer.

Reversed and remanded.