## SILVER *v.* HAMILTON TOWNSHIP BOARD.

SCHOOLS AND SCHOOL DISTRICTS — ORGANIZATION OF DISTRICTS — CERTIORARI—PROPRIETY.

The issuance of a writ of certiorari being largely discretionary, and not permissible to accomplish a palpable injustice, a writ issued to review the setting aside of the organization of a school district out of the territory of two others will be dismissed, where each of the three districts as so organized would be financially unable to support a school without imposing upon their residents a greater burden than they are able to bear.

Certiorari by Warren S. Silver, Joseph W. Allen, and Robert Fisch, school board of district No. 5 of Hamilton township, to review an order of the township board of Hamilton setting aside the action of the board of school inspectors in organizing said school district. Submitted October 29, 1906. (Calendar No. 21,889.) Writ dismissed November 13, 1906.

*George J. Cummins*, for appellants.

*John Quinn*, for appellee.

PER CURIAM.   A writ of certiorari brings before us for review the proceedings of defendant, setting aside the organization of the plaintiff school district.   That district was organized June 9, 1906, by the school inspectors of Hamilton township, Clare county.   It was composed of four sections, two of which were taken from district No. 2, and two from district No. 3 of Hamilton township.   It appears from the return of defendant, which must be taken as true, that the property of the new district has an assessed valuation of $14,610, and that the effect of its organization will be to reduce the property in school district No. 2 from an assessed valuation of $29,760 to $24,020, and that of district No. 3 from $27,110 to $19,360. The organization was set aside by defendant because—

" With this territory detached, said districts (2 and 3) will be unable to maintain their schools as they should be, without imposing a greater burden upon the residents than they are able to bear, and the new district proposed to be formed   *   *   *   will be in the same condition, so that two good school districts are sacrificed for the sake of having three poor ones."

Plaintiff in certiorari asks us to reverse the action of the township board because of various irregularities in its proceedings.   If plaintiff had a legal right to have a court review those proceedings, it is possible that its claim of error would be allowed.   But it has no such right.   At least, it has not that right in this case.   As heretofore stated, this case is brought before us by writ of certiorari. That writ, the issuance of which is largely discretionary, will not be permitted to accomplish a palpable injustice (*West* v. *Parkinson*, 130 Mich. 401, and authorities there cited); and it is clear for the reason stated by respondent that injustice would be accomplished by setting aside the order under consideration, and sustaining the organization of the plaintiff school district.

The writ of certiorari is dismissed.