DYSON *v.* CITY OF DETROIT.

APPEAL OF WALINSKE.

1. CERTIORARI—PURPOSE OF WRIT.
   The office of the common-law writ of certiorari is to bring before the court for inspection the record of the proceedings of an inferior tribunal in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law.

2. SAME—JURISDICTION.
   The principal office of the writ of certiorari is to control the action of an inferior tribunal and to keep it within its jurisdiction.

3. SAME—REVIEW OF INFERIOR OFFICERS, BOARDS AND COMMISSIONS.
   The writ of certiorari may be used to review proceedings of inferior officers, boards and tribunals exercising judicial or quasi-judicial functions.

4. MUNICIPAL CORPORATIONS—PUBLIC EMPLOYMENT—REVIEW OF ORDERS AFFECTING STATUS.
   The remedy for court review of determination made by a municipal civil service commission with respect to the status of plaintiff's employment is by way of certiorari, not by way of a *de novo* review in chancery.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 10, 1952. (Docket No. 35, Calendar No. 44,909.) Decided April 7, 1952.

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 10 Am Jur, Certiorari §§ 3, 5, 10, 11.
[4] 10 Am Jur, Civil Service § 5.
   As to control by courts of power or discretion of civil service commission in respect of classifying or grading positions in civil service, see 42 Am Jur, Public Administrative Law § 208; 134 ALR 1110.

Bill by Joseph Dyson and others against City of Detroit and others for decree establishing themselves as permanent employees of City of Detroit. Bill dismissed on motion. Plaintiff Walinske appeals. Affirmed.

*Franklin D. Hepburn* (*Ralph Jossman,* of counsel), for plaintiff.

*Paul T. Dwyer,* Acting Corporation Counsel, and *John G. Dunn* and *G. Edwin Slater,* Assistants Corporation Counsel, for defendants.

REID, J. Plaintiff filed his bill of complaint against the city of Detroit, as his employer, and against members of the civil service commission of the city of Detroit. The suit has been discontinued as to coplaintiffs Dyson and Krause, originally joined with Walinske. We hereinafter refer to Walinske as plaintiff. We also refer to the civil service commission of the city of Detroit and to its members, as the defendant.

Plaintiff in his bill of complaint prayed that the equity court declare and decree that he is holding his position (to which he was promoted) in the service of the city pursuant to an appointment by the corporation counsel vested with authority at the time of the appointment, to make the appointment and that the court declare and decree that defendant is without authority to order plaintiff to discontinue working for the city or to assign another to take over his duties; and for other equitable relief.

The trial court dismissed the bill on the ground that plaintiff's only remedy was by way of certiorari.

On October 20, 1942, the Detroit common council approved a rule which had been adopted by the civil service commission of the city of Detroit, rule 16, which among other things, set up a new status for

certain future employees of the city, known as "war service employment." The rule provided among other things that "no person shall be placed from such lists [*i.e.,* war service classes lists] for a period of employment exceeding the duration of the war and 6 months thereafter." The purpose of the rule is evidently to provide reinstatement of returned veterans in their employment, by making interim appointments.

On June 14, 1943, Paul E. Krause, then corporation counsel of the city and vested as such with certain powers of appointing city employees, made a requisition to the defendant city civil service commission for a painter to be employed in the real estate division as a permanent employee. On August 5, 1943, plaintiff took and passed an examination for a classification covering the class for which the requisition in question had been made. On October 25, 1943, plaintiff took a physical examination, and was found to have an inguinal hernia. On November 8, 1943, an assistant corporation counsel wrote the defendant commission a letter suggesting that on account of the existing shortage of labor, the defendant suspend the rule as to hernia and employ plaintiff.

On November 22, 1943, the defendant informed the corporation counsel that in conformance with the corporation counsel's requisition of June 14, 1943, the defendant placed plaintiff (as a building trades helper), his name being at the head of the appropriate *war service list.* The corporation counsel on November 24, 1943, wrote defendant as follows:

"In compliance with your placement, John Walinske, has been appointed, subject to the provisions of rule 16 of the civil service commission, effective Dec. 6, 1943 [x] *Not to exceed duration of war and 6 months thereafter.*" (Italics supplied.)

On March 15, 1944, plaintiff was promoted by the corporation counsel from building trades helper to building tradesman, "Effective date, Mar. 23. Duration of employment, Duration," and requested the defendant commission's approval. The defendant commission approved the employment of plaintiff as building tradesman, "Effective 3-23-44; for war service employment, per section 8, rule 16 subject to noncompetitive examination and classification survey in 60 days."

On August 27, 1946, the acting corporation counsel made requisition to defendant for a building tradesman to succeed plaintiff "in accordance with instructions in memorandum of June 21, 1946 and August 19, 1946—per civil service commission." The memorandum, thus referred to, is not in the record. The corporation counsel removed plaintiff so that he received no part of the payroll ending March 2, 1947. We quote from records of the corporation counsel's office, "Last day worked—2-21-47. Remarks—Removed from payroll by civil service commission." The defendant's roster card for plaintiff shows, "2-21-47—Off roll."

Plaintiff concedes (in his reply) that on August 27, 1946, the corporation counsel requested (of defendant) 1 building tradesman (general) to fill the position then occupied by plaintiff, but plaintiff further states that such request was made on the advice and instigation of defendant. Plaintiff in his bill had made the statement that the corporation counsel had never rescinded plaintiff's appointment, nor discharged him.

Plaintiff's complaint seems to be: (a) That the defendant had no authority to adopt rule 16 and set up a war service employment classification; (b) that plaintiff having passed a general examination with top credit, his disqualification on account of hernia being waived, he was entitled to be treated as em-

ployed without the limitation of the war period plus 6 months; (c) and that in consequence, his discharge at the end of the war employment period plus 6 months, was illegal and that in contemplation of law, he never was discharged.

Among other things in his reply, plaintiff claims that his employment does not come within the purview of the war service appointment because he possessed all the qualifications of a building trades helper, having attained a grade on a regular civil service examination in excess of requirements for qualification for passing.

Plaintiff requests a hearing of his case in equity.

Plaintiff asserts that there is no matter of a purely administrative nature in the case, and that he makes no complaint of any order made by defendant after a hearing.

Plaintiff claims (in his brief) that the trial court was in error in dismissing his suit because of the following:

"1. The bill of complaint challenged the authority of the civil service service commission to promulgate rule 16, providing for war service employment, as being an exercise of a power not given to it under the charter.

"2. The civil service commission discharged the plaintiff without hearing, thus usurping the powers of the corporation counsel as conferred upon him by the charter.

"3. The civil service commission, not having authority to establish a war service classification, and not having authority to discharge the plaintiff, since it was not the appointing officer, as provided for by section 18 of chapter 2 of title 4 of the charter, acted in an arbitrary and capricious manner."

Defendant claims that plaintiff's sole remedy is by writ of certiorari.

"The office of the common-law writ of certiorari is to bring before the court for inspection the record of the proceedings of an inferior tribunal in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law." 10 Am Jur, p 524, § 3.

"The principal office of the writ [of certiorari] is to control the action of an inferior tribunal and to keep it within its jurisdiction." 14 CJS, p 122, § 2a.

"The writ is also used, in many jurisdictions, to review not only proceedings of inferior courts but also proceedings of inferior officers, boards, and tribunals exercising judicial or quasi-judicial functions." 14 CJS, p 122, § 1.

See, also, *In re Fredericks,* 285 Mich 262 (125 ALR 259.) ; *Public Welfare Commission of Detroit* v. *Civil Service Commission of Detroit,* 289 Mich 101, 107; *Goodfellow* v. *Civil Service Commission,* 312 Mich 226; *Bischoff* v. *County of Wayne,* 320 Mich 376.

Plaintiff's complaint against defendant is over administrative actions. Plaintiff's remedy, if any, is by certiorari. It is not for the chancery court to review *de novo* defendant's administrative determinations. See *In re Fredericks, supra.*

The order dismissing the bill of complaint is affirmed. Costs to defendant.

North, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Boyles, JJ., concurred.