RIGHTER *v.* ADRIAN CIVIL SERVICE COMMISSION.

1. ADMINISTRATIVE LAW AND PROCEDURE — STATE ADMINISTRATIVE PROCEDURE ACT.

The State administrative procedure act, as restricted by its title, applies only to State administrative agencies and not to a municipal administrative commission not acting as a subordinate arm of a State agency (CLS 1961, § 24.101 *et seq.*).

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE—POLICEMEN.

The municipal civil service act, as distinguished from the State administrative procedure act, specifically regulates the discharge of police officers in cities, villages, and municipalities (CLS 1961, § 24.101 *et seq.*; § 38.514).

3. SAME—DISCHARGE OF POLICEMAN—CIVIL SERVICE COMMISSION.

The function of the municipal civil service commission in a hearing on a policeman's appeal from order discharging him from service is to weigh the testimony and determine the credibility of each and every witness (CLS 1961, § 38.514).

4. SAME—CIVIL SERVICE COMMISSION—CIRCUIT COURT.

The function of a circuit court on an employee's appeal from order of a municipal civil service commission is to hear the appeal upon the original record taken by the commission without additional proof (CLS 1961, § 38.514).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 201, 202, 210.
[2] 2 Am Jur 2d, Administrative Law § 210.
  15 Am Jur 2d, Civil Service § 33.
[3] 15 Am Jur 2d, Civil Service § 38.
[4–6] 15 Am Jur 2d, Civil Service §§ 45, 48.
  Constitutionality and construction, as to nature of review, of statute providing for appeal to or review by court, as regards order of civil service commission. 125 ALR 263.
[7] 15 Am Jur 2d, Civil Service § 35.
[8, 9] 15 Am Jur 2d, Civil Service § 36.

5. SAME—CIVIL SERVICE COMMISSION—REVIEW BY CIRCUIT COURT—
CERTIORARI—SUPERINTENDING CONTROL.

> The review by the circuit court of action taken by a municipal
> civil service commission is in the nature of certiorari, now
> superintending control (GCR 1963, 711.3).

6. SAME—POLICEMEN—CIVIL SERVICE COMMISSION—FINDING OF CIR-
CUIT COURT—EVIDENCE.

> Finding of circuit court that there was sufficient competent evi-
> dence on which city civil service commission could find failure
> of good behavior on part of appellant policeman is concurred
> in on record presented (CLS 1961, § 38.514; GCR 1963, 711.3).

7. SAME—EMPLOYEES—BEHAVIOR—VIOLATION OF STATUTE.

> The municipal civil service act does not require a forewarning
> and opportunity to discontinue behavior of a municipal em-
> ployee which constituted a violation of the statute and was
> against public policy (CLS 1961, § 38.514).

8. SAME—DISCHARGE OF POLICEMAN—PENALTY—STATUTES.

> Discharge of city policeman for substantial failure of good be-
> havior is a penalty authorized by the municipal civil service
> act, hence, cannot be said to be improper as a matter of law
> (CLS 1961, § 38.514).

9. SAME—DISCHARGE OF POLICEMAN—EXCESSIVE PENALTY.

> Discharge of city policeman for substantial failure of good be-
> havior *held,* not an excessive penalty under record presented,
> where any other result could involve a return to work as a law
> enforcement officer of a person whose veracity has been put in
> issue, his testimony disbelieved, and whose duties would entail
> testifying in future court proceedings (CLS 1961, § 38.514).

Appeal from Lenawee; Martin (Rex B.), J. Sub-
mitted Division 2 June 9, 1965, at Lansing. (Docket
No. 519.) Decided September 20, 1965. Leave to
appeal denied by Supreme Court January 6, 1966.
See 377 Mich 696.

Complaint by Joseph C. Righter against Civil
Service Commission of the City of Adrian for order
of superintending control to set aside his discharge
from, and obtain reinstatement to, the Adrian police

department. Judgment for defendant. Plaintiff appeals. Affirmed.

*Kelman, Loria, Downing & Craig (Jerome W. Kelman, Richard S. Miller,* and *Maurice Kelman,* of counsel), for plaintiff.

*Edward N. Mack,* for defendant.

J. H. Gillis, P. J. On April 18, 1964, appellant Joseph C. Righter, a 55-year-old police sergeant from the city of Adrian, was called before the Adrian city administrator and told that he had been observed visiting a certain single woman, who will hereinafter be referred to as Miss X, "at such hours and in such a manner as to bring discredit upon the police department." Appellant was questioned by the city administrator as to whether he had frequently been to Miss X's home in the late hours of the evening and in the early hours of the morning. Appellant stated that the only time he ever went to the home of Miss X was to pick up some mail which he delivered to the post office for her and he denied that his actions were improper.

The answers of appellant were contrary to information set forth in a written report previously given to the city administrator by other law officers who had been assigned by the administrator to conduct an investigation.

Appellant was then advised that unless he resigned within 24 hours, he would be discharged from the department. Upon his refusal to resign appellant was served with a notice of discharge which alleged that on at least 11 different occasions between March 24, 1964, and April 14, 1964, during the late evening and early morning hours, he sought the company of a female person, who was not his wife or a mem-

ber of his family, using devious and surreptitious actions, which constituted substantial failure of good behavior, contrary to section 14 of PA 1935, No 78, as amended, hereinafter referred to as the municipal civil service act. CLS 1961, § 38.514 (Stat Ann 1958 Rev § 5.3364). The notice did not specifically charge any immoral conduct.

Appellant requested a hearing before the Adrian civil service commission and was furnished a bill of particulars enumerating the dates and times of the alleged visits. On May 5, 1964, the three-member civil service commission conducted a hearing in which numerous witnesses testified. Their testimony established that all of the visits were made in the evening when the sergeant was off duty. Appellant contended that Miss X was an elderly spinster, whose age he approximated at 60 years, for whom he performed heavy chores which she was unable to do. Testimony further disclosed that some of the visits were made on the sergeant's day off but did not commence until late evening.

Appellant has been married for 35 years. His wife and 30-year-old son testified that they knew he occasionally did some work for the woman. Miss X testified that appellant came to her home, moved furniture, moved boxes from the cellar to the upstairs portion of the house, took her to the post office or bank and drove her around to different places where she had to pay bills. She explained that she did not own or drive an automobile. Appellant was not paid for these services, but testified that he expected to inherit from her. Other witnesses testified that appellant generally would park a considerable distance away from the woman's house and on one occasion when he parked in front of her house, he ducked out of sight when another car approached.

The woman lived within view of the county jail. A deputy sheriff testified that he sometimes "teased" appellant by stepping out of the county jail when he observed appellant going toward Miss X's house. The witness stated he would stand where appellant was able to see him and thereafter appellant would continue past the woman's house until the witness went inside the jail, whereupon appellant would turn around and walk back to the woman's house. Testimony further disclosed that the actions of the appellant caused considerable gossip among sheriff's department personnel.

The defendant civil service commission upheld the discharge but made no specific findings of fact. On appeal the circuit judge affirmed the commission. The four issues before this Court are:

1. Was the civil service commission required to render findings of fact and conclusions of law?

2. Did the conduct of appellant constitute a "failure of good behavior"?

3. Could appellant be discharged without forewarning and an opportunity to discontinue the disapproved behavior?

4. Was the penalty imposed excessive and improper as a matter of law?

1. Appellant contends that section 7 of the State administrative procedure act, CLS 1961, § 24.101 *et seq.* (Stat Ann 1961 Rev § 3.560[21.1] *et seq.*), which requires findings of fact and conclusions of law, applies to the Adrian civil service commission. He relies on *Lewis* v. *City of Grand Rapids* (WD Mich, 1963), 222 F Supp 349, which held that a city commission in approving or disapproving the transfer of a liquor license must follow the administrative procedure act. That case can be distinguished since the Grand Rapids city commission was acting as a subordinate arm of the Michigan liquor control com-

mission and was governed by the regulations set up for a State agency. An examination of the State administrative procedure act's title discloses that it applies only to *State* administrative agencies.

On the other hand, the municipal civil service act specifically regulates discharge of police officers in cities, villages, and municipalities. The argument of appellant should be addressed to the legislature and not to this Court for he is asking us to read into the municipal civil service act a requirement it does not contain.

2. The commission's function was to weigh the testimony and determine the credibility of each and every witness. The circuit court's function was to hear the appeal upon the original record taken therein without additional proof. This review was in the nature of certiorari, now superintending control. GCR 1963, 711.3. We concur with the circuit judge's finding that there was sufficient competent evidence on which the commission could find failure of good behavior on the part of appellant.

3. The municipal civil service act does not require a forewarning and opportunity to discontinue the disapproved behavior. Appellant compares the factual situation in the instant case with that in *Groehn v. Corporation & Securities Commission* (1957), 350 Mich 250, which involved a corporation and securities commission employee who was suspended because he had engaged in private real-estate transactions for a number of years. There was no rule which prohibited the conduct in question and public policy did not prohibit an employee from dealing in private real-estate transactions. Here appellant's conduct violated the statute and was against public policy.

4. The penalty imposed by the city administrator was authorized under section 14 of the municipal civil service act.

"The tenure of every one holding an office, place, position or employment under the provisions of this act shall be only during good behavior * * * and any such person may be removed or *discharged,* * * * for * * * any other failure of good behavior." (Emphasis added.) CLS 1961, § 38.514 (Stat Ann 1958 Rev § 5.3364).

Therefore, it cannot be said to be improper as a matter of law.

The city administrator had the best opportunity to evaluate the effect of appellant's behavior on the community and the law officers who worked with and under appellant. The civil service commission had the opportunity to observe his demeanor on the witness stand, and determine his veracity as a witness in order to evaluate his testimony. Appellant's testimony was in direct conflict with the testimony of several other law officers. The commission in arriving at its conclusion had to determine that appellant's sworn testimony could not be believed. Can we now say that the appellant should return to work as a law enforcement officer, whose duties entail testifying in future court proceedings? In view of all the circumstances the penalty was not excessive.

Affirmed. Costs to appellee.

T. G. KAVANAGH and QUINN, JJ., concurred.