## JUSTEWICZ v HAMTRAMCK CIVIL SERVICE COMMISSION

1. ADMINISTRATIVE LAW—MUNICIPAL CORPORATIONS—CIVIL SERVICE—CONSTITUTION LAW—JUDICIAL REVIEW—NOTICE.

   A plaintiff who applied for municipal civil service positions of probationary fireman and probationary patrolman has a constitutional right to judicial review of an adverse administrative decision that he failed to meet the civil service requirements (Const 1963, art 6, § 28).

2. ADMINISTRATIVE LAW—JUDICIAL REVIEW—INSUFFICIENT RECORD—CIVIL SERVICE—DOCTORS' PROCESS REPORT.

   A plaintiff was denied a meaningful judicial review of an adverse administrative decision when the trial judge ruled with an insufficient factual record before him and the issues raised by plaintiff could not be resolved by looking into that evidence alone where the only evidence examined was the report of a civil service commission doctor and the medical standards promulgated by the commission.

3. ADMINISTRATIVE LAW—MUNICIPAL CORPORATIONS—CIVIL SERVICE—EVIDENCE—BURDEN OF PROOF—TRANSCRIPTS—JUDICIAL REVIEW.

   A city civil service commission has the burden of producing the transcripts necessary for insuring meaningful judicial review of the questions whether standards were being applied uniformly to all applicants and whether medical standards were in compliance with the mandate of the city charter.

4. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—CIVIL SERVICE.

   The Administrative Procedures Act, although not directly applicable to local civil service commission proceedings, will be applied by analogy in certain cases (MCLA 24.201 et seq.).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5] 15 Am Jur 2d, Civil Service §§ 24, 38, 45.

  Validity, construction, and application of probationary provisions of civil service statutes or regulations. 131 ALR 383.

[4, 5] 2 Am Jur 2d, Administrative Law §§ 201–203.

  Construction and application of Federal Administrative Procedure Act. 94 L Ed 632, s. 95 L Ed 473, 97 L Ed 884.

5. Administrative Law—Administrative Procedures Act—Agency
—Official Court Record—Evidence.

An agency is required to prepare and submit to the court an official record of the proceedings, including the evidence presented at any hearings under the provisions of the Administrative Procedures Act; such a rule should be applied to local administrative bodies, for the means of securing such evidence are more readily available to them than to the aggrieved individuals (MCLA 24.286[1], 24.304[2]).

Appeal from Wayne, John M. Wise, J. Submitted June 9, 1975, at Detroit. (Docket No. 22014.) Decided November 13, 1975.

Complaint by John F. Justewicz against the Hamtramck Civil Service Commission and others for an order of superintending control or, in the alternative, an order allowing leave to appeal. Order entered denying superintending control and leave to appeal. Plaintiff appeals. Reversed and remanded.

*Krolikowski, Remick & Ellias,* for plaintiff.

*Edmund E. Torcellini, Michael J. Mozola,* and *Michael C. Kovaleski,* for defendants.

Before: Bronson, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ.

Bronson, P. J. In February, 1972, plaintiff applied for the positions of probationary fireman and probationary patrolman with the City of Hamtramck. He did so by filing an application with the Hamtramck Civil Service Commission. At that time, the Civil Service Commission was required to hold a competitive examination, and did so by devising a test consisting of four different parts: (1) a written I.Q. and aptitude test; (2) a physical agility test; (3) an oral examination; and (4) a

medical examination. In June and July of 1972, plaintiff passed the written test and the physical agility test.

Plaintiff submitted himself for a physical examination on August 3, 1972. The doctor appointed by the commission found that plaintiff failed to meet the required medical standards for probationary patrolmen and firemen. Specifically, the doctor determined that: (1) plaintiff was 24 pounds over the maximum weight allowed for his height by commission standards; (2) plaintiff had unaided vision of 20/100 in his right eye; and (3) plaintiff required root canal work in his mouth. The Civil Service Commission refused to give plaintiff the oral examination on grounds that he had already failed the medical examination. Plaintiff was notified by a letter from the personnel director on October 5, 1972, that he had failed to meet the Hamtramck Civil Service requirements.

Plaintiff requested and received a hearing before the Hamtramck Civil Service Commission on December 7, 1972.[1] At that hearing, plaintiff submitted evidence which he contends showed that the commission's weight requirement schedule did not take into consideration the anatomical man concept and ignored plaintiff's exceptional body frame and physique. Plaintiff also introduced certain medical records from the Air Force Reserve which he contends refuted the commission finding that he was visually deficient. Plaintiff was represented by legal counsel at that hearing.

On December 10, 1972, the Hamtramck Civil Service Commission adopted a resolution upholding plaintiff's prior medical ineligibility. Plaintiff

[1] Section 26 of Chapter IX-A of the Hamtramck City Charter provides that any person whose application was rejected by the personnel director may appeal that decision to the Civil Service Commission.

requested and was granted a rehearing before the commission. At a meeting on May 21, 1974, plaintiff introduced evidence in an attempt to show that other applicants for the positions involved here were given preferential treatment, as the standards imposed upon plaintiff were waived or not fully enforced as to other applicants. On that date, the Civil Service Commission reaffirmed its adverse decision.

Plaintiff filed a complaint for an order of superintending control or, in the alternative, an order granting leave to appeal. Plaintiff alleged that the decision of the Hamtramck Civil Service Commission was "arbitrary, capricious and illegal" on the following grounds: (1) various sections of the Hamtramck City Charter were not followed; (2) the rules of the commission itself were not followed; (3) the findings of the commission were unsupported by competent, material, and substantial evidence; and (4) plaintiff was denied due process and equal protection of the law. Part of the relief requested was to require the commission to certify to the court its entire record of the proceedings.

On June 10, 1974, the trial judge ordered the commission to show cause why their two prior resolutions should not be set aside. The commission was directed to provide the court with all documents requested by plaintiff, including a transcript of proceedings. On July 8, 1974, the Civil Service Commission filed a series of documents entitled "Transcript of Proceedings of Civil Service Commission". Included were only (1) plaintiff's application, (2) a copy of the commission's mandatory medical standards for probationary firemen and patrolmen, (3) the results of the medical examination of plaintiff by the commission doctor, and (4) correspondence to plaintiff by the commission.

No transcripts for either the December 7, 1972 hearing or the May 21, 1974 hearing were provided.

A show cause hearing was held on August 29, 1974. Plaintiff's counsel requested an adjournment on grounds that the records supplied by the commission were not sufficient. The trial judge denied that request, stating that the medical examiner could have been subpoenaed, and that plaintiff "had since June to do something about it". The court added, "You had an opportunity to have this hearing before the Commission at any time. I cannot endlessly carry on these cases". The trial judge then ruled on the merits. He stated:

"There was no discriminatory action at all on the part of the Commission because they were going according to the rules of the Charter and the findings of the physician indicated that the plaintiff was not qualified to be a police officer in the City of Hamtramck. * * * There is nothing discriminatory about it. It's just a matter of failing to pass a medical examination to be a member of the Hamtramck Police Department."

An order denying superintending control and leave to appeal was entered on October 4, 1974, and plaintiff appeals by right.

The procedural history of this case, as related above, is long and involved, but the result is clear. Plaintiff has the constitutional right to judicial review of this adverse administrative decision:

"All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and or-

ders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law." (Const 1963, art 6, § 28.)

That right must be viewed as a right to a *meaningful* review by the courts. We hold that plaintiff was denied such when the trial judge ruled with an insufficient factual record before him.

The only evidence examined by the trial judge was the report of the commission doctor and the medical standards promulgated by the commission. The issues raised by plaintiff could not be resolved by looking to that evidence alone. Plaintiff argued that the standards were not being applied uniformly to all applicants. That the standards were being applied to *this* applicant does not answer the question as to whether they were being applied to *all* applicants. The trial judge needed to review plaintiff's evidence presented at the May 21, 1974 hearing to properly resolve this issue. Plaintiff also urged that the medical standards were not in compliance with the mandate of the Hamtramck City Charter to set up relevant qualifications for civil service positions. The trial judge could not fully review that claim without the evidence presented at the December 7, 1972 meeting. A full and fair review of the decision of the Hamtramck Civil Service Commission was impossible on the evidence available below.

We hold that the Hamtramck Civil Service Commission has the burden of producing the transcripts necessary for insuring meaningful judicial review. In so holding, we look to the Administrative Procedures Act (APA), MCLA 24.201 *et seq.;*

MSA 3.560(101) *et seq.* Although that legislation is not directly applicable to local civil service commission proceedings, *Righter v Adrian Civil Service Commission,* 1 Mich App 468; 136 NW2d 718 (1965), it will be applied by analogy in certain cases, *Montiy v Civil Service Board of East Detroit,* 54 Mich App 510, 514; 221 NW2d 248 (1974). Under the APA, an agency is required to prepare and submit to the court an official record of the proceedings, including the evidence presented at any hearings, MCLA 24.286(1); MSA 3.560(186)(1), MCLA 24.304(2); MSA 3.560(204)(2). We feel that such a rule should be applied to local administrative bodies, for the means of securing such evidence are more readily available to them than to the aggrieved individuals.

To implement our ruling, we reverse the decision below and remand this case to the trial court, with instructions that the trial judge order the Hamtramck Civil Service Commission to provide a certified transcript of the hearings held on December 7, 1972 and May 21, 1974. If they are unable to do so for any reason, the commission shall be ordered to hold a new hearing at which plaintiff can present his proofs and to supply the trial court with a transcript of that new hearing.

Costs of this appeal are hereby awarded to plaintiff.