(d) Reciprocal Certification. A reporter or recorder certified in another state may apply to the board for certification based on the certification already obtained.

(e) Temporary Certification. A new reporter or recorder may receive one temporary certification to enable him to work until the results of the next test are released. If he does not take the test, the temporary certification may not be extended unless good cause is shown. If he takes the test and fails, the board may extend the temporary certification.

(f) Re-entry Certification. The board must review the certification of a reporter or recorder who has not utilized his skills within the preceding year.

(g) Designations. The board will use the following certification designations:

(1) certified electronic recorder (CER);

(2) certified shorthand reporter (CSR); or

(3) certified stenomask reporter (CSMR).

Only reporters or recorders certified by the board may work in Michigan courtrooms, file transcripts, or use these designations. A reporter or recorder may be given more than one designation by passing different tests.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in GCR 1963, 933. Comments on this proposal may be sent to the Supreme Court clerk within 60 days after it is published in the State Bar Journal.

*Staff Comment:* The proposed amendment to Rule 915 would implement the recommendations of the State Court Administrative Office's Advisory Committee on Court Reporting and Transcripts, except for those on grandfather certification where the Court proposal doubled the number of necessary recommendation letters.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

DECEMBER 14, 1977

McAvoy v H B Sherman Company, Stricklin v American Chain & Cable Company, Inc, Turner v General Motors Corporation, and Michigan Self-Insurer's Association v Bureau of Workmen's

COMPENSATION. (Docket Nos. 58845, 58846, 58983, 58855.) Rehearing denied. On consideration of defendants-appellants' motion for clarification, the Court orders that the cases be remanded to the Workmen's Compensation Appeal Board for a determination as to the accuracy of factual statements by defendants-appellants that, while their appeals were pending before this Court, they made 70% interim benefit payments to plaintiffs Ralph McAvoy and Wiley Stricklin. If the appeal board finds such payments were made, as the appellants stated, the appeal board shall reinstate appellants' appeals to the appeal board because such payments indicate good faith efforts of appellants to comply with 1975 PA 34 after this Court's orders in these cases of September 21, 1976 and October 27, 1976. *Kasoff, Young, Gottesman, Kovinsky, Friedman & Walkon, P. C.,* for plaintiff-appellee Ralph McAvoy. *Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C.,* for plaintiff-appellee Wiley Stricklin. *Conklin, Benham, McLeod, Ducey & Ottaway, P. C.,* for defendants-appellants H. B. Sherman Company, American Mutual Liability Insurance Company, American Chain & Cable Company, and American Mutual Liability Insurance Company. Reported at 401 Mich 419.