ECKSTEIN v KUHN

Docket No. 78760. Submitted December 5, 1985, at Detroit. Decided
May 18, 1987.

William N. Eckstein was dismissed from his job as Assistant
Chief Engineer of the Oakland County Drain Office. Eckstein
appealed his dismissal to the County Personnel Appeal Board,
pursuant to the county's merit system rules. He also brought
an action in the Oakland Circuit Court, alleging, inter alia,
that defendants (Oakland County and its Drain Commissioner,
Chief Deputy Drain Commissioner, and Assistant Prosecutor)
wrongfully discharged him in breach of his employment con-
tract (Counts I and IV), and in violation of his asserted right to
due process (Count II). Defendants moved for accelerated judg-
ment and summary judgment as to both claims. In an amended
complaint plaintiff also alleged violation of the Whistleblowers'
Protection Act (Count VI) and conspiracy to interfere with
plaintiff's civil rights under 42 USC 1985(3) (Count VII). Defen-
dants filed a motion for summary judgment as to Count VII.
Plaintiff's appeal of his discharge was heard by the Personnel
Appeal Board, which issued a unanimous decision finding cause
for plaintiff's discipline, but modifying his dismissal to a ninety-
day suspension and demotion to Civil Engineer III. Defendants
successfully sought leave to appeal the PAB decision to the
circuit court. The circuit court, Gene Schnelz, J., issued an
opinion denying each of defendants' above motions. Addition-
ally, the court dismissed defendants' appeal of the PAB decision
for lack of jurisdiction. Defendants appeal by leave granted.

The Court of Appeals held:

1. Circuit courts do not have jurisdiction to hear appeals

REFERENCES

Am Jur 2d, Administrative Law § 557.

Am Jur 2d, Appeal and Error § 19.

Whistleblowers' protection under Energy Reorganization Act § 210
(42 USCS § 5851). 79 ALR Fed 631.

Construction of provision of Fair Labor Standards Act (29 USC
§ 215(a)(3)) forbidding reprisals against any employee who has
filed complaint, or the like, under the act. 93 ALR2d 610.

Labor relations acts: discharge of employee as reprisal or retalia-
tion for union organizational activities. 83 ALR2d 532.

from municipal administrative agencies since there is no statute or court rule authorizing such an appeal.

2. The court did not err in denying summary judgment to defendants on Count VI of plaintiff's complaint.

3. Summary judgment should have been granted on Count VII of plaintiff's complaint, the civil rights conspiracy claim, since the complaint failed to allege racial or class-based discrimination.

Affirmed in part, reversed in part and remanded.

SHEPHERD, J., dissented in part. He would hold that defendants were properly granted leave to appeal and that the subsequent order dismissing the appeal for lack of jurisdiction was erroneous. He would reinstate the original grant of leave to appeal.

1. ADMINISTRATIVE LAW — MUNICIPAL CORPORATIONS — APPEAL — CONSTITUTIONAL LAW.

Circuit courts do not have jurisdiction to hear appeals from municipal administrative agencies since there is no statute or court rule authorizing such an appeal (Const 1963, art 6, § 28).

2. ACTIONS — WHISTLEBLOWERS' PROTECTION ACT — BURDEN OF PROOF.

A plaintiff, in an action under the Whistleblowers' Protection Act, has the burden of proving that he was engaged in protected conduct and that his participation in that conduct was a motivating factor in the decision to terminate him; once that burden is met, the burden shifts to the employer to come forward with ·evidence demonstrating that plaintiff's termination was for a legitimate reason; if the employer states a legitimate reason, the employee may still prevail if he demonstrates that the reason was mere pretext for his dismissal (MCL 15.361 *et seq.*; MSA 17.428[1] *et seq.*).

*Stringari, Fritz, Kreger, Ahern, Bennett & Hunsinger, P.C.* (by *Karl R. Bennett, Jr.*), for plaintiff.

*The Fishman Group* (by *Steven J. Fishman, Malcolm D. Brown* and *Donald H. Scharg*), for defendants.

Before: MACKENZIE, P.J., and D. F. WALSH and SHEPHERD, JJ.

PER CURIAM. On August 9, 1982, plaintiff was

dismissed as Assistant Chief Engineer of the Oakland County Drain Office. As a county employee, he was employed under the county's merit system. Rule 8 of the merit system provides that disciplinary action, including discharge, shall be for cause. The preamble to Rule 8 describes "a formal appeal procedure" for disciplined "regular status" employees to the Personnel Appeal Board (PAB), "whose decisions shall be binding on such employees and departments." Under the rules, the PAB has the authority to modify, reverse, or affirm disciplinary action, and to award compensation.

On August 13, 1982, plaintiff appealed his dismissal to the PAB pursuant to the merit system rules. One week later, on August 20, 1982, plaintiff commenced the instant lawsuit. Plaintiff's complaint alleged, inter alia, that defendants (Oakland County and its Drain Commissioner, Chief Deputy Drain Commissioner, and Assistant Prosecutor) wrongfully discharged him in breach of his employment contract (Counts I and IV), and in violation of his asserted right to due process (Count II). Defendants responded on August 30, 1982, filing a motion for accelerated judgment and summary judgment as to both claims.

In an amended complaint filed September 8, 1982, plaintiff also alleged violation of the Whistleblowers' Protection Act, MCL 15.361 et seq.; MSA 17.428(1) et seq. (Count VI) and conspiracy to interfere with plaintiff's civil rights under 42 USC 1985(3) (Count VII). On November 5, 1982, defendants filed a motion for summary judgment as to Count VII. Pleadings in support of summary judgment regarding Count VI were filed in October, 1983.

Meanwhile, plaintiff's appeal of his discharge was heard by the PAB in October, 1982. On November 10, 1982, the PAB issued a unanimous decision

finding cause for plaintiff's discipline, but modifying his dismissal to a ninety-day suspension and demotion to Civil Engineer III. Defendants successfully sought leave to appeal the PAB decision to the circuit court. Defendant Kuhn apparently refused, however, to permit plaintiff to return to work.

On January 12, 1984, the circuit court issued an opinion denying each of defendants' above motions. Additionally, the court dismissed defendants' appeal of the PAB decision for lack of jurisdiction. Defendants appeal by leave granted. We affirm in part and reverse in part.

Defendants first contend that the trial court erred in finding that it lacked jurisdiction to hear defendants' appeal from the decision of the PAB reinstating plaintiff.[1] Specifically, the county's position is that its right to appeal the PAB's decision is constitutionally guaranteed under art 6, § 28 of the Michigan Constitution, which provides in part:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law.

We agree with the county that the PAB is a local administrative agency, which "exists under the Constitution," and performs a quasi-judicial function when it renders a decision on an appeal by a

[1] We note that defendant municipal officers have no standing to challenge the rulings of the PAB. See *Hendricks v Sterling Heights Police & Fire Dep't Civil Service Comm*, 85 Mich App 646, 653; 272 NW2d 170 (1978), lv den 405 Mich 826 (1979), and *Beer v City of Fraser Civil Service Comm*, 127 Mich App 239, 243-244; 338 NW2d 197 (1983). Although *Hendricks* would further indicate that the county also lacks standing to seek judicial review of the PAB decision, like the *Beer* panel, we decline to so hold. Accordingly, we confine our discussion of this issue to the county.

discharged employee. We do not agree, however, that art 6, § 28 guarantees the county a right of appeal of the PAB's decision. Our conclusion focuses upon that section's language, "as provided by law."

In *Evans v United States Rubber Co,* 379 Mich 457, 461; 152 NW2d 641 (1967), our Supreme Court stated:

> *We do not read the above language, "shall be subject to direct review by the courts as provided by law", to mean that in each such case review shall be compulsory or as of right* upon its being invoked by either party but only that review shall be had when, in the exercise of judicial judgment and discretion, the court shall, on application, so determine, or when so provided by law. No statute provides for such appeal as of right. [Emphasis added.]

In *Viculin v Dep't of Civil Service,* 386 Mich 375, 392; 192 NW2d 449 (1971), the Supreme Court reiterated its holding in *Evans:*

> Article 6, § 28 does not guarantee a review in the nature of *certiorari* of "right" but an appeal of such a nature may require "leave" or be automatic as provided by law.

Thus, both *Evans* and *Viculin* support this Court's decision in *Robertson v Detroit,* 131 Mich App 594, 597-598; 345 NW2d 695 (1983), where this Court wrote:

> Plaintiff's reliance on Const 1963, art 6, § 28 is misplaced. As noted by the Supreme Court in *McAvoy v H B Sherman Co,* 401 Mich 419, 443; 258 NW2d 414 (1977), *reh den* 402 Mich 953 (1977), the phrase "as provided by law" contained in Const 1963, art 6, § 28 "vests the Legislature with

the authority to exert substantial control over the
mechanism of how administrative decisions are to
be appealed". As noted, the Legislature has failed
to specifically exert any control over the appellate
rights and procedures stemming from a decision of
a general municipal civil service commission. The
circuit court, therefore, had no jurisdiction over
plaintiff's dispute with defendant commission.

As in *Robertson,* no statute authorizes appellate
review of the decisions of the PAB.[2] The county
therefore has no guaranteed direct appeal.[3]

The county further contends that, at minimum,
art 6, § 28 of the constitution creates authority for
circuit court review of decisions of municipal ad-
ministrative agencies by leave. However, whether
an appeal is of right or by leave, art 6, § 28
guarantees only appeals "as provided by law." The
fact remains that no statute or court rule autho-
rizes any form of appeal to circuit court from the
decisions of municipal administrative agencies
such as the PAB.[4] This Court cannot legislate such
an appeal. Accordingly, we must conclude that the
trial court reached the right result in finding it

[2] The circuit court correctly determined that the PAB is not an
administrative agency subject to judicial review within the meaning
of the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA
3.560(101) *et seq. Righter v Adrian Civil Service Comm,* 1 Mich App
468; 136 NW2d 718 (1965), lv den 377 Mich 696 (1966). See also,
*Hanselman v Wayne Co Concealed Weapon Licensing Bd,* 419 Mich
168; 351 NW2d 544 (1984).

[3] The county, citing several cases, urges this Court to disregard the
reasoning of *Robertson.* We decline to do so. The cited cases are
distinguishable either because the right to review was available by
statute or because they were brought as original actions; thus they
are not persuasive. To the extent that *Justewicz v Hamtramck Civil
Service Comm,* 65 Mich App 555; 237 NW2d 555 (1975), conflicts with
*Evans, Viculin,* and *Robertson,* we decline to follow that decision.

[4] Our holding does not mean that the actions of the PAB may never
be subject to judicial review. Under the proper circumstances, review
may be had by an original action for an order of superintending
control. See 4 Honigman & Hawkins, Michigan Court Rules Anno-
tated (2d ed), p 74.

lacked jurisdiction to hear the county's appeal of the PAB's decision to reinstate plaintiff.

Defendants' next argument relates to the court's denial of their motion for summary judgment on plaintiff's claim under the Whistleblowers' Protection Act. Defendants contend that plaintiff's claim should be analyzed as set forth in *Mt Healthy City School Dist Bd of Ed v Doyle,* 429 US 272; 97 S Ct 568; 50 L Ed 2d 471 (1977), and that, under such analysis, the denial of defendants' motion for summary judgment was error.

The *Mt Healthy* analysis urged by defendants was recently adopted with modifications not relevant to the instant appeal in *Hopkins v City of Midland,* 158 Mich App 361; 404 NW2d 744 (1987). It is a burden of proof analysis. Under it, plaintiff has the burden of proving that he was engaged in protected conduct and that his participation in that conduct was a motivating factor in the decision to terminate him. The burden then shifts to the employer to come forward with evidence demonstrating that plaintiff's termination was for a legitimate reason. If the employer states a legitimate reason, the employee may still prevail if he demonstrates that the reason was mere pretext for his dismissal.

While we agree with defendants that the *Mt Healthy* analysis, as modified by *Hopkins,* is applicable to the instant case, we cannot agree with the defendant's contention that summary judgment would have been proper under that analysis. Defendants assume arguendo that plaintiff established a prima facie case under the act. They then maintain that the fact that the PAB found good cause for the dicipline of plaintiff satisfied their burden of going forward with evidence that plaintiff was terminated for a legitimate reason. Fi-

nally, defendants maintain that, because plaintiff came forward with no facts suggesting that the reason was pretextual, summary judgment should have been granted. The flaw in this reasoning is found in defendants' misplaced reliance on the PAB's decision as sufficient proof that the reasons for plaintiff's dismissal were valid. The PAB ordered plaintiff's reinstatement and therefore must have reached a result *opposite* that urged by defendants, i.e., that plaintiff was dismissed without cause. Accordingly, the court did not err in denying summary judgment on Count VI of plaintiff's complaint.

Defendants also contend that the trial court erred in denying their motion for summary judgment on Count VII of plaintiff's amended complaint, his 42 USC 1985(3) conspiracy claim, since plaintiff failed to allge racial or class-based discrimination by defendants. Defendants are correct, as plaintiff concedes on appeal. See *Griffin v Breckenridge*, 403 US 88, 101; 91 S Ct 1790; 29 L Ed 2d 338 (1971). Summary judgment pursuant to GCR 1963, 117.2(1) should have been granted on this claim.

Finally, we need not address defendants' challenges to the trial court's denial of accelerated or summary judgment on plaintiff's wrongful discharge or due process claims. These claims (Counts I, IV, and II) have been made moot by the PAB's decision to reinstate plaintiff with discipline.

Affirmed in part, reversed in part, and remanded for further proceedings as to Count VI. No costs.

SHEPHERD, J. *(concurring in part and dissenting in part)*. I agree with my colleagues on the Whistleblowers' Protection Act portion of the opinion. I disagree on the question of whether the circuit

court had jurisdiction to entertain the appeal from the decision of the Personnel Appeal Board (PAB).

In *Fort v Detroit,* 146 Mich App 499; 381 NW2d 754 (1985), we held that there was no legislatively created avenue of direct appellate review from decisions of municipal civil service commissions but we indicated that the appropriate remedy would be an action for superintending control in circuit court. We stated in *Fort* that where the aggrieved party filed an independent civil action and not a claim of appeal, the avenue of superintending control would be open. I am satisfied that the aggrieved parties in this case, the defendants, were properly granted leave to appeal and that the subsequent order of the circuit court dismissing the appeal for lack of jurisdiction was erroneous. Although there is no right of direct appeal, any proceeding which seriously affects or wrongfully divests private rights must necessarily be open to review in some form. See *The First National Bank of Detroit v The E T Barnum Wire & Iron Works,* 58 Mich 315; 25 NW 202 (1885). Due process applies to any adjudication of important rights. While I do not believe the parties have a direct right of appeal, it is clear to me that they are entitled to at least the opportunity to seek some form of discretionary review under Const 1963, art 6, § 28.

There is some authority for the proposition that this constitutional provision allows application for leave to appeal from such decisions. In *Evans v United States Rubber Co,* 379 Mich 457, 461; 152 NW2d 641 (1967), the Supreme Court wrote:

> We do not read the above language, "shall be subject to direct review by the courts as provided by law" to mean that in each such case review shall be compulsory or as of right upon its being

invoked by either party but only that review shall
be had when, in the exercise of judicial judgment
and discretion, the court shall, on application, so
determine, *or* when so provided by law. [Emphasis
supplied.]

In *Viculin v Dep't of Civil Service,* 386 Mich 375,
392; 192 NW2d 449 (1971), the Court wrote:

Article 6, § 28 does not guarantee a review in
the nature of *certiorari* of "right" but an appeal of
such a nature may require "leave" or be automatic
as provided by law.

As indicated above, other authorities have stated
that the proper method of reviewing the action of
a municipal civil service commission is by way of
superintending control. See *Fort, supra,* p 504 and
cases cited therein; 11A Callaghan's Michigan
Pleading & Practice (2d ed), § 92.21, p 596; 4
Honigman & Hawkins, Michigan Court Rules An-
notated (2d ed) p 74. The order of superintending
control supersedes the writs of certiorari, manda-
mus when directed to a lower court or tribunal,
and prohibition. MCR 3.302(C). An order of super-
intending control enforces the power of a court
over lower courts or tribunals. MCR 3.302(A). Be-
cause defendant seeks review of a question of law
and review of a lower tribunal's record, the appro-
priate superintending control order is in the na-
ture of certiorari. Such a superintending control
order is limited to review of judicial or quasi-judi-
cial acts. *Erlandson v Genesee Co Employees' Re-
tirement Comm,* 337 Mich 195; 59 NW2d 389
(1953). This procedure allows review to determine
whether an inferior tribunal failed to proceed
according to the essential requirements of the law.
*Dyson v Detroit,* 333 Mich 116; 52 NW2d 623
(1952). Such would include a failure to base a

decision on competent material and substantial evidence where required to do so. An order of superintending control is discretionary, as was the writ of certiorari it superseded. *Silver v Hamilton Twp Bd,* 146 Mich 393; 109 NW 664 (1906); *Marshall v Pech,* 95 Mich App 454; 291 NW2d 78 (1980), lv den 409 Mich 904 (1980).

Whatever the name given to the relief sought, only discretionary review of a municipal civil service commission is permitted. Such is all the defendants sought in the instant case. On remand I would direct the circuit court to reconsider the matter as on leave granted and decide the case on the merits. Had the circuit court originally denied the application for lack of jurisdiction I would have allowed the circuit court to reconsider the matter on the assumption that it had jurisdiction and I would have simply directed the circuit court to decide whether it would grant leave. In this case, however, the circuit court already granted leave in the first instance and then reversed itself on the basis of lack of jurisdiction. Since I would hold that there is jurisdiction I would simply reinstate the original grant of leave to appeal so that the circuit court can decide the appeal on the merits.