O'CONNOR v OAKLAND COUNTY SHERIFF'S DEPARTMENT

Docket No. 102459. Submitted May 1, 1988, at Detroit. Decided July 6, 1988.

David O'Connor, a road patrol deputy for the Oakland County Sheriff's Department, was dismissed after it was determined that he had violated three merit system rules while at a bar when he was off duty and out of uniform. While intoxicated, O'Connor was seen engaging in one sexual act and apparently engaged in another sexual act in the restrooms of the bar. When ordered to leave by the bartender, O'Connor allegedly threatened the bartender by warning him about driving on Oakland County roads. O'Connor appealed his dismissal to the Oakland County Personnel Appeal Board, which dismissed the charges of immoral conduct and conduct unbecoming an officer for the alleged sexual activities but found that O'Connor had improperly used his position as an officer by threatening the bartender. The appeal board reversed the dismissal action, ordered a seventy-five-day suspension without pay, and ordered O'Connor to attend and participate in certain alcohol abuse programs. The sheriff's department appealed to the Oakland Circuit Court, and O'Connor filed a cross-appeal. The court, Hilda R. Gage, J., concluded that the alleged activities in the bathrooms were sufficient to sustain the immoral conduct and conduct unbecoming an officer charges since they could support a criminal charge for gross indecency and remanded the case to the appeal board for further consideration. The court also upheld the appeal board's imposition of the seventy-five-day suspension without pay. O'Connor moved for reconsideration, arguing that the court lacked subject matter jurisdiction to entertain an appeal from a decision of the Oakland County Personnel Appeal Board. The motion was denied. O'Connor appealed.

The Court of Appeals *held*:

There is no statute or court rule authorizing any form of

REFERENCES
Am Jur 2d, Administrative Law §§ 553 *et seq.*
Am Jur 2d, Judgments § 908.
See the Index *to* Annotations under Administrative Law.

direct appeal to circuit court from the decisions of municipal administrative agencies such as the Oakland County Personnel Appeal Board. Neither O'Connor nor the sheriff's department had standing to appeal the decision of the appeal board. Therefore, the trial court's opinion and order are void. The decision of the Oakland County Personnel Appeal Board stands as the final determination in this case.

Vacated.

1. ADMINISTRATIVE LAW — MUNICIPAL CORPORATIONS — APPEAL — CONSTITUTIONAL LAW.

Circuit courts do not have jurisdiction to hear appeals from municipal administrative agencies since there is no statute or court rule authorizing such an appeal (Const 1963, art 6, § 28).

2. JUDGMENTS — RETROACTIVITY.

The Court of Appeals in determining whether a decision ought to be given retroactive effect looks to: (1) the purpose of the new rule; (2) the extent of reliance on the old rule; and (3) the effect that full retroactive application would have on the administration of justice.

*Arthur Jay Weiss,* for plaintiff.

*Gordon R. Wyllie,* Assistant Oakland County Corporation Counsel, for defendant.

Before: H. HOOD, P.J., and CYNAR and R. B. BURNS,* JJ.

PER CURIAM. David O'Connor, an Oakland County road patrol deputy, appeals as of right from an April 20, 1987, opinion which affirmed in part and reversed in part a decision of the Oakland County Personnel Appeal Board (PAB) and a July 16, 1987, opinion and order denying O'Connor's motion for reconsideration.

On December 20, 1985, O'Connor was given a written notice of dismissal from his employment with the sheriff's department. The dismissal was

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

based on charges that O'Connor had violated three merit system rules due to his conduct at a bar on December 3, 1985. The dismissal notice indicated that O'Connor, who was off duty and out of uniform, was at the Stable Saloon in Lake Orion, Michigan, in an intoxicated condition. A bartender saw O'Connor in the men's bathroom with a female who was performing an act of fellatio. When O'Connor was ordered out of the bar, he and the female proceeded to the ladies' bathroom. When the bartender checked in the ladies' restroom, he saw clothes hanging on the stall divider. After leaving the ladies' bathroom, O'Connor was again ordered out of the bar. As he was leaving, O'Connor allegedly threatened the bartender by warning him about driving on Oakland County roads.

Upon being dismissed, O'Connor appealed the decision to the PAB. On the last day of the three days of hearings, the PAB issued a written opinion. In the opinion, the PAB dismissed the charges of "immoral conduct" and "conduct unbecoming an officer" for O'Connor's alleged sexual activities in the restrooms. However, the PAB found that O'Connor improperly used his position as an officer by actually threatening the bartender. As a result, the PAB reversed the dismissal action, ordered a seventy-five-day suspension without pay, and required O'Connor to attend and participate in certain alcohol abuse programs.

On March 25, 1986, the sheriff's department appealed to circuit court the decision of the PAB claiming that the PAB erred in dismissing the charges stemming from O'Connor's alleged sexual activities in the bathrooms. O'Connor filed a cross-appeal from the PAB's determination that he improperly used his position when he threatened the bartender about driving on the county roads.

On April 20, 1987, the trial court issued an

opinion. The court concluded that the alleged activities in the bathrooms were sufficient to sustain the immoral conduct and conduct unbecoming an officer charges since they could support a criminal charge for gross indecency pursuant to MCL 750.338b; MSA 28.570(2). The court then remanded the case to the PAB for further consideration of the charges and presentation of additional evidence by the parties. With respect to O'Connor's cross-appeal, the trial court upheld the PAB's decision of the seventy-five-day suspension without pay.

O'Connor moved for reconsideration, arguing that the trial court lacked subject matter jurisdiction to entertain an appeal from the PAB. The court declined to consider the motion on the basis that MCR 2.119(F) did not permit reconsideration since this was an appeal. Subsequently, O'Connor filed the instant appeal, raising five issues.

First, O'Connor alleges that the trial court was without subject matter jurisdiction to review the decision of the PAB. We agree.

This very issue was recently decided in *Eckstein v Kuhn,* 160 Mich App 240; 408 NW2d 131 (1987), which involved an attempt by the defendants to seek judicial review in Oakland Circuit Court over a decision by the PAB. The Court affirmed the trial court's finding that it lacked subject matter jurisdiction to hear the defendants' appeal from the decision of the PAB. *Id.,* pp 245-246. In reaching this conclusion, the *Eckstein* Court initially cited art 6, § 28, of the Michigan Constitution:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law.

The PAB is a local administrative agency, which "exists under the constitution," and performs a quasi-judicial function when it renders a decision on an appeal by a discharged employee. *Eckstein, supra,* pp 243-244. However, art 6, § 28 does not guarantee the defendant a right of appeal of the PAB's decision. The *Eckstein* panel based this conclusion upon art 6, § 28's language, "as provided by law," and cases interpreting that language:

> In *Evans v United States Rubber Co,* 379 Mich 457, 461; 152 NW2d 641 (1967), our Supreme Court stated:
> "*We do not read the above language, 'shall be subject to direct review by the courts as provided by law',* to mean that in each such case review shall be compulsory or as of right upon its being invoked by either party but only that review shall be had when, in the exercise of judicial judgment and discretion, the court shall, on application, so determine, or when so provided by law. No statute provides for such appeal as of right. [Emphasis added.]"
> In *Viculin v Dep't of Civil Service,* 386 Mich 375, 392; 192 NW2d 449 (1971), the Supreme Court reiterated its holding in *Evans:*
> "Article 6, § 28 does not guarantee a review in the nature of *certiorari* of 'right' but an appeal of such a nature may require 'leave' or be automatic as provided by law."
> Thus, both *Evans* and *Viculin* support this Court's decision in *Robertson v Detroit,* 131 Mich App 594, 597-598; 345 NW2d 695 (1983), where this Court wrote:
> "Plaintiff's reliance on Const 1963, art 6, § 28 is misplaced. As noted by the Supreme Court in *McAvoy v H B Sherman Co,* 401 Mich 419, 443; 258 NW2d 414 (1977), *reh den* 402 Mich 953 (1977), the phrase 'as provided by law' contained in Const 1963, art 6, § 28 'vests the Legislature with the authority to exert substantial control over the

mechanism of how administrative decisions are to be appealed'. As noted, the Legislature has failed to specifically exert any control over the appellate rights and procedures stemming from a decision of a general municipal civil service commission. The circuit court, therefore, had no jurisdiction over plaintiff's dispute with defendant commission."

As in *Robertson,* no statute authorizes appellate review of the decisions of the PAB. The county therefore has no guaranteed direct appeal. [160 Mich App 244-245.]

Similarly, in this case, the trial court lacked subject matter jurisdiction to review the decision of the PAB since there is no statute[1] or court rule authorizing any form of direct appeal to circuit court from the decisions of municipal administrative agencies such as the PAB. Therefore, because the sheriff's department lacked standing, the trial court's opinion and order are void.

We reject the assertion of the sheriff's department that *Eckstein* should not be given retroactive effect. Generally speaking, in determining whether a decision ought to be given retroactive effect, this Court looks to: (1) the purpose of the new rule; (2) the extent of reliance on the old rule; and (3) the effect that full retroactive application would have on the administration of justice. *King v General Motors Corp,* 136 Mich App 301, 306; 356 NW2d 626 (1984), lv den 422 Mich 871 (1985). In this case, the sheriff's department has failed to establish that the *Eckstein* decision created new law or

---

[1] MCL 51.362; MSA 5.1191(112) does provide for appeals from decisions of a civil service commission in sheriffs' departments to circuit court. However, even if the PAB is a civil service commission under MCL 51.351; MSA 5.1191(101), the appeal is solely vested in the "person removed." In this instance, the sheriff's department was not the person removed and, thus, lacked standing to appeal the decision of the PAB. See *Hendricks v Sterling Heights Police & Fire Dep't Civil Service Comm,* 85 Mich App 646, 649; 272 NW2d 170 (1978), lv den 405 Mich 826 (1979).

overruled existing law. In fact, the *Eckstein* opinion relied on two Michigan Supreme Court cases which had previously interpreted art 6, § 28 of the Michigan Constitution. Consequently, applying *Eckstein* to O'Connor's cross-appeal in circuit court leads to the conclusion that he also had no standing to appeal. Thus, the PAB's decision is considered final and this Court is precluded from reviewing O'Connor's challenge to the PAB decision. Since we conclude that the lower court lacked subject matter jurisdiction, we decline to address the remaining issues on appeal.

Accordingly, we vacate the trial court's April 20, 1987, opinion and the decision of the PAB stands as the final determination in this case.