MARTIN v. WAYNE COUNTY CIVIL SERVICE COMMISSION

1. ADMINISTRATIVE LAW AND PROCEDURE—REVIEW—STANDARD.

The standard of review to be applied on appeal of an administrative determination is whether the determination is supported by competent, material, and substantial evidence on the whole record (Const 1963, art 6, § 28).

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE EMPLOYEES—SHERIFF'S DEPUTY—REMOVAL.

The removal statute applicable to civil service employees under municipal civil service rules contemplates that the commission will render its finding and decision and does not require specific findings of fact (CLS 1961, § 38.416).

3. MUNICIPAL CORPORATIONS—DISCHARGE OF DEPUTY SHERIFF—COURT OF APPEALS—REVIEW.

Discharge of a deputy sheriff for deliberate and wrongful use of firearms in shooting and inflicting a gunshot wound to a person together with the determination that he was guilty of scandalous and disgraceful conduct while off duty *held*, sufficient finding for dismissal from civil service position (CLS 1961, § 38.416).

4. ASSAULT—WEAPONS—WRONGFUL USE OF FIREARMS.

It is possible to be guilty of deliberate and wrongful use of a weapon in shooting another, without being guilty of assault with intent to commit murder.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 747.
[2] 37 Am Jur, Municipal Corporations § 239 *et seq.*
[3] 37 Am Jur, Municipal Corporations § 242.
[4] 6 Am Jur 2d, Assault and Battery § 50 *et seq.*
[5] 37 Am Jur, Municipal Corporations § 243.

5. MUNICIPAL CORPORATIONS—DISCHARGE OF DEPUTY SHERIFF—CIVIL SERVICE COMMISSION.

   Dismissal of deputy sheriff from civil service protected position *held*, proper where the determination is supported by competent, material, and substantial evidence on the whole record.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 February 5, 1969, at Detroit. (Docket No. 5,486.) Decided March 25, 1969.

Complaint by Earl R. Martin against the Wayne County Civil Service Commission for an order of superintending control to set aside his discharge from and obtain reinstatement in the Wayne County Sheriff's Department. Judgment for defendant. Plaintiff appeals. Affirmed.

*Kratchman & Kratchman,* for plaintiff.

*William L. Cahalan,* Prosecuting Attorney, and *Aloysius J. Suchy* and *Charles C. Conklin,* Assistant Prosecuting Attorneys, for defendant.

BEFORE: LESINSKI, C. J., and T. M. BURNS and J. J. KELLEY,* JJ.

LESINSKI, C. J. On August 14, 1964, Wayne County Sheriff Peter L. Buback, under the provisions of CLS 1961, § 38.416 (Stat Ann 1969 Cum Supp § 5.1191[16]), removed from his employ Earl R. Martin, a deputy sheriff classified as a patrolman.

The discharge was based upon charges that Martin violated rule 14 of the civil service commission rules for the county of Wayne in that he:

1. Committed assault with intent to commit murder;

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

2. Deliberately and wrongfully used firearms, in that Martin did shoot Earl Low, inflicting a gunshot wound to the left side of Low's head;

3. Had been guilty of scandalous and disgraceful conduct while off duty, tending to bring county service into public disrepute; and

4. Had been offensive in his conduct to the public in that on November 4, 1963, he was arrested for reckless driving while drinking, and at this time was abusive and offensive to the arresting officers.

Martin appealed the sheriff's order of dismissal to the Wayne County Civil Service Commission. A hearing on the matter was had and extensive testimony was taken. On September 28, 1964, the Wayne County Civil Service Commission rendered the following findings:

1. That the testimony relative to the charge that Martin committed assault with intent to commit murder is inconclusive;·

2. That Martin is guilty as charged of:

a. Deliberate and wrongful use of firearms in shooting Earl Low and inflicting a gunshot wound to the left side of Low's head;

b. Offensive conduct to the public on November 4, 1963, in connection with an arrest for reckless driving while drinking;

c. Scandalous and disgraceful conduct while off duty, tending to bring the county service into public disrepute;

3. That the charges under item 2 were justifiable cause for the disciplinary action taken; and

4. That the action of the appointing authority was not arbitrary or unreasonable nor based upon political, religious or racial prejudice.

The Wayne County Civil Service Commission in its decision upheld the removal order issued by Sheriff Peter L. Buback.

On October 23, 1964, petitioner Martin filed a complaint in the Wayne County Circuit Court and prayed for an order to show cause why an order of superintending control should not issue. On March 10, 1967, Wayne County Circuit court issued an order of superintending control, which allowed the petitioner a review of the decision of the Wayne County Civil Service Commission. The circuit court affirmed the removal and concurred in the findings of the Wayne County Civil Service Commission, except for the finding regarding reckless driving which it deemed too remote to support removal.

Subsequently, Martin appealed the determination of the circuit court to this Court. On appeal, Martin first contends the evidence before the commission did not justify, by a preponderance of evidence, the dismissal of Earl R. Martin from the civil service-protected position of deputy sheriff.

In reviewing an administrative determination, the standard to be employed is whether the determination is supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28. The trial court recognized this standard and specifically ruled that the decision of the civil service commission was consistent with "relevant, material, substantial and competent testimony" presented at the hearing. Upon review of that record, we concur with the trial court's ruling.

Martin further contends that the trial court erred in reviewing the findings of the civil service commission by characterizing as a "finding of fact" its determination regarding the shooting being wrongful; petitioner contends this characterization improperly precluded trial court review as to whether the determination regarding wrongfulness was correct as a matter of law.

The removal statute applicable to Wayne county civil service employees, CLS 1961, § 38.416, *supra,* contemplates that the commission render its "finding and decision". The scope of the requisite "finding" is nowhere defined by statute. The word "finding" denotes a "result" by way of a conclusion of fact or of law. See generally, Black's Law Dictionary (4th ed), p 758. The word "finding" is distinguished from a finding of fact in that findings of fact are solely factual determinations devoid of legal conclusion. Therefore, since § 38.416 only requires the commission to render a "finding", the section does not require specific "findings of fact".

Section 38.416 is clearly unlike the state administrative procedure act, CLS 1961, § 24.101 *et seq.* (Stat Ann 1961 Rev § 3.560[21.1] *et seq.*), which expressly requires state administrative agencies to make "findings of fact" consisting of "a concise statement of the conclusions upon each contested issue of fact", CLS 1961, § 24.107 (Stat Ann 1961 Rev § 3.560[21.7]). The requirement of "findings of fact" in that act is limited to state administrative agencies. *Righter* v. *Adrian Civil Service Commission* (1965), 1 Mich App 468. Furthermore, this Court held in *Righter* that where the state administrative procedure act is inapplicable, the Court would not read into a local civil service act a requirement of specific findings of fact which the act does not contain. Similarly, we will not read into § 38-.416's provision for a "finding", a requirement of specific "findings of fact".

In the instant case, we find that the determination of the Wayne County Civil Service Commission that Martin was guilty of deliberate and wrongful use of firearms in shooting Earl Low and inflicting a gunshot wound to the left side of Low's head, together with the determination that Martin was

guilty of scandalous and disgraceful conduct while off duty, constituted a sufficient "finding" under the requirements of § 38.416.

As the commission made a sufficient finding under the removal statute, the sole question remaining is whether the trial court erred when reviewing the "finding" of guilty of wrongful use of firearms.

The petitioner claims the finding of wrongful use is a conclusion of law subject to review by the trial court as to its validity. In seeking review, petitioner contends that, as a matter of law, he could not be guilty of deliberate and wrongful use of firearms where the commission also found the evidence to be inconclusive in the charge of assault with intent to commit murder. The trial court in a hearing on the motion for an order affirming the order of the civil service commission heard, considered and rejected petitioner's contention. The trial court found no improprieties regarding the commission's legal conclusions. We concur in that determination. As a matter of law, it is possible to be guilty of deliberate and wrongful use of a weapon in shooting another, without being guilty of assault with intent to commit murder. The instant case provides an excellent example of this possibility since the evidence strongly indicates that Martin intentionally shot at Low in order to injure but not to murder him. Thus, the evidence supports a verdict of guilty for wrongful use of firearms, but not for intent to murder and the trial court's determination of the law was correct.

If, contrary to petitioner's contention, the determination of wrongful use of firearms was considered a factual conclusion, then, as indicated *supra,* this determination would be correctly affirmed by the trial court because it was supported by competent,

material and substantial evidence on the whole record.

There being no factual or legal improprieties in the determination of the trial court, the decision of that court in affirming the Wayne County Civil Service Commission is hereby affirmed.

Affirmed.

All concurred.